IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PARKER HANNIFIN CORPORATION as successor-by-merger to CLARCOR, INC., | ) | Case No. |
| Plaintiff, | ) | PLAINTIFF'S COMPLAINT FOR DAMAGES |
| v. | ) | **Demand for Jury Trial** |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Parker Hannifin Corporation ("Parker"), as successor-by-merger to CLARCOR, Inc. ("CLARCOR"), by and through its counsel, files this Complaint against Defendant Travelers Casualty and Surety Company of America ("Travelers") and avers as follows:

## NATURE OF THIS ACTION

1. This action arises from a breach of the terms of an insurance policy issued by the Defendant. Parker has presented to Travelers a claim that is covered by an insurance policy issued by Travelers to CLARCOR, a predecessor-in-interest to Parker. Travelers has refused to reimburse Parker for covered loss reasonably incurred by Parker in connection with the claim.

## PARTIES

2. Parker is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 6035 Parkland Boulevard,

Cleveland, Ohio 44124-4141. Parker purchased all of the outstanding stock of CLARCOR via a transaction that closed on February 28, 2017 and merged CLARCOR into Parker; as a result, Parker is the successor-by-merger to CLARCOR.

3. Travelers is a corporation organized and existing under the laws of the state of Connecticut, with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Travelers because Travelers, in addition to being authorized to do business in Ohio within the relevant time period, has transacted business in Ohio by, *inter alia*, contracting to insure persons, property, or risks located within Ohio, and/or has otherwise conducted activities or maintained sufficient contacts to place it within the personal jurisdiction of this Court.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) because this civil action involves a citizen of one state and a citizen of a different state and the matter in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2) because Travelers resides in this district within the meaning of 28 U.S.C. 1391(c) and conduct regarding this claim was directed to Parker at its headquarters location in the Northern District of Ohio, including notification by Travelers that it was declining to provide coverage to Parker under the insurance policy at issue.

## FACTS

7. Prior to its acquisition by Parker, CLARCOR was the administrator of the CLARCOR, Inc. Benefit Plan (the "Plan"), which, among other benefits, provided employees with specified health insurance benefits.

8. To protect itself against insurable losses or liabilities that CLARCOR might incur in its role as administrator of the Plan, CLARCOR purchased broad insurance coverage for "any Claim . . . for a Wrongful Act," commonly known as a "Fiduciary Liability Insurance Policy."

9. Defendant Travelers issued the Fiduciary Liability Insurance Policy to CLARCOR for the period July 1, 2016 to July 1, 2017 under policy number 105637441 (the "Policy"). Travelers had also issued the Fiduciary Liability Insurance Policy to CLARCOR for the prior coverage year.

10. On May 24, 2017, while the Policy was in effect, the U.S. Department of Labor ("DOL") sent a letter to CLARCOR informing CLARCOR that the DOL's Employee Benefits Security Administration ("EBSA") had opened EBSA Case No.: 40-024127 (the "EBSA Case Letter").

11. The EBSA Case Letter addressed, *inter alia*, a tobacco surcharge imposed on Plan participants between 2011 and 2017. The EBSA Case Letter alleged errors and breaches of fiduciary duties as a result of the structure of the tobacco surcharge program that the DOL claimed required tobacco users to pay a higher premium than non-tobacco users without providing a "reasonable alternative" to paying that increased amount.

12. The EBSA Case Letter concluded: "In our view, for the reasons cited above, you are in violation of Title I, Part 7 of ERISA and will remain so as long as the violations cited above remain uncorrected."

13. Upon the merger of CLARCOR into Parker, Parker succeeded to all of CLARCOR's obligations and liabilities as administrator of the Plan and to all of CLARCOR's rights under the Policy.

14. On June 30, 2017, Parker provided Travelers with a copy of the EBSA Case Letter and provided notice of a Claim under the Travelers Policy "and all other applicable policies."

15. The Policy provides that Travelers "will pay on behalf of the Insured, Loss for any Claim first made during the Policy Period . . . for a Wrongful Act."

16. For there to be a "Claim first made during the Policy Period," the written notice of the claim to the insured must include assertions of a "Wrongful Act." As defined in the Policy in the context of this case, the term "Claim" requires "a formal administrative or regulatory proceeding commenced by filing of a notice of charges, formal investigative order, service of summons or similar document, including a fact-finding investigation by the Department of Labor, the Pension Benefit Guaranty Corporation, or a similar government agency that is located outside of the United States . . . against an Insured for a Wrongful Act."

17. The Policy defines "Wrongful Act" to be:

> **Wrongful Act** means:
> 1. any actual or alleged breach of fiduciary duty by or on behalf of the Insured with respect to any Employee Benefit Plan, including:
>     a. any actual or alleged breach of duties, obligations and responsibilities imposed by ERISA, COBRA, HIPAA, or by any similar or related federal, state, local, or foreign law or regulation, in the discharge of the Insured's duties with respect to an Employee Benefit Plan; or

b. any other matter claimed against an Insured solely because of the Insured's actual or alleged status as a fiduciary of an Employee Benefit Plan; or

2. any actual or alleged negligent act, error or omission by or on behalf of the Insured in the Administration of Employee Benefits.

Administration also means:
a. determining and calculating the benefits of; and
b. preparing, distributing or filing required notices or documents with respect to: an Employee Benefit Plan.

18. If the definitions of "Claim" and "Wrongful Act" are met, the Policy provides that such a "Claim is deemed to be made on the earliest date that any Designated Claims Recipient first receives written notice of such Claim." A "Designated Claims Recipient" means the Risk Manager, General Counsel, or Chief Financial Officer.

19. Under the Policy, Loss means:

Defense Expenses and money which an Insured is legally obligated to pay as a result of a Claim, including settlements; judgments; back and front pay; compensatory damages; punitive or exemplary damages or the multiple portion of any multiplied damage award if insurable under the applicable law most favorable to the insurability of punitive, exemplary, or multiplied damages; prejudgment and post judgment interest; and legal fees and expenses awarded pursuant to a court order or judgment . . . .

20. Under the Policy, no Claim can exist until there is a written allegation of a Wrongful Act. No such Claim existed until the DOL sent the EBSA Case Letter to CLARCOR on May 24, 2017.

21. Parker complied with its obligation under the Policy to report its claim regarding the EBSA Case Letter in a timely manner by providing notice to Travelers in June 2017.

22. Travelers acknowledged receipt of the EBSA Case Letter on August 3, 2017 and agreed that it constituted a "Claim under the Policy" because "[t]here are allegations of a Wrongful Act."

23. Notwithstanding its admission that the EBSA Case Letter constituted a Claim under the Policy, Travelers later denied any obligation to reimburse Parker for any of the Loss Parker has incurred, concluding that "Travelers must deny all coverage, including Defense Expenses, for this DOL Claim."

24. After it received the EBSA Case Letter, Parker engaged counsel to advise it in connection with the allegations set forth in the letter and incurred costs that qualify as Defense Expenses covered by the Policy.

25. Parker also incurred costs to engage a third party to locate employees and process payments to them.

26. Parker compensated employees and former employees for the alleged errors and breaches of fiduciary duty stated in the EBSA Case Letter and to resolve the legal disputes alleged in that letter.

27. Parker's payment of sums and costs relating to the EBSA Case Letter constitutes a Loss within the meaning of the Policy arising from a Claim within the meaning and scope of coverage of the Policy.

## COUNT I
## Breach of Contract by Travelers Under the Policy

28. Parker hereby incorporates Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Parker seeks and is entitled to receive full payment from Travelers for the sums and costs that Parker has incurred with respect to the EBSA Case Letter where any and all such amounts incurred by Parker qualify as a Loss under the Policy.

30. Parker has performed all conditions precedent under the Policy.

31. Travelers has breached its contractual obligations to Parker by declining coverage and failing to pay Parker for the sums and costs that Parker incurred with respect to the EBSA Case Letter.

32. As a direct result of Travelers' breach of the Policy, Parker has been deprived of the benefit of the insurance coverage for which the insured paid substantial premiums.

33. As a direct and proximate result of the aforesaid actions by Travelers, Parker has been damaged in excess of $75,000.00 in an amount to be proved at trial for all damages, costs, and payments, and all other sums incurred to date.

WHEREFORE, Parker respectfully requests that the Court enter judgment against Travelers:

(a) Awarding Parker actual money damages in excess of $75,000.00 according to proof at trial, plus interest according to law; and

(b) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,
COHEN & GRIGSBY, P.C.

By: */s/ Andrew M. Roman*

Andrew M. Roman
Pennsylvania (and N.D. Ohio)
Bar I.D. No. 23617
David F. Russey
Pennsylvania Bar I.D. No. 84184
(pro hac vice motion forthcoming)
Julie W. Vanneman
Pennsylvania Bar I.D. No. 207521
(pro hac vice motion forthcoming)

625 Liberty Avenue
Pittsburgh, PA 15222
Phone: (412) 297-4900
Fax: (412) 209-0672
E-mail: aroman@cohenlaw.com
drussey@cohenlaw.com
jvanneman@cohenlaw.com

Attorneys for Plaintiff,
Parker Hannifin Corporation

Dated: October 15, 2018
2862379.v2